# IN THE COURT OF APPEALS OF IOWA

No. 17-0487
Filed July 6, 2017

**IN THE INTEREST OF J.D.,**
**Minor Child,**

**J.G., Mother,**
  Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Matthew A. Quinn of the Law Office of Matthew Quinn, Bettendorf, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights pursuant to Iowa Code section 232.116(1)(b), (d), (e), (g), (h), (i), (k), and (*l*) (2017).[1]

We may affirm if any of the grounds for termination have been shown by clear and convincing evidence. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). On our de novo review, *see id.* at 706, we find clear and convincing evidence to support termination of parental rights pursuant to subparagraph (h).[2] Moreover, we do not find the need for removal will no longer exist at the end of six months and, therefore, the juvenile court did not err in denying the mother an extension of time to seek reunification. Nor does any section 232.116(3)(c) factor weigh against termination. We conclude termination of the mother's rights is in the child's best interest, and we affirm.

After department of human services (DHS) involvement with the mother from August 2011 to November 2012 and again from September 2014 to September 2015, the mother had her parental rights to three older children terminated in September 2015. As noted by the juvenile court, the issues in those previous cases included "lack of stable housing, the children being left unattended or with unsafe individuals, parental substance abuse, and [parental] mental health concerns."

The mother gave birth to a child, J.D., in May 2016. The child tested positive for THC at birth, which prompted a DHS child-abuse assessment. The

---

[1] The father of the child does not appeal.
[2] Section 232.116(1)(h) allows termination of parental rights where a child three years or younger who has been adjudicated a child in need of assistance (CINA) and has been out of the parent's custody for the past six months cannot be returned to the parent's custody at present.

mother was not cooperative, and DHS was not able to locate the child for about two weeks, at which time the child was removed from the mother's care. The child was adjudicated a CINA on July 26, and a dispositional order was entered on September 1. The child has remained in foster-care placement since being removed from the mother's care. A petition to terminate the mother's parental rights to J.D. was filed on December 27, 2016.

The mother has several diagnoses, including anxiety and posttraumatic stress. The mother was hospitalized for mental-health treatment in November 2016. She also struggles with substance abuse. At the termination hearing on March 7, 2017, Kerri Griffiths, the social worker assigned to the case, testified, "I have not received a drug test that had a negative drug test for illegal substances."

The mother did not consistently participate in parent-child visitation, substance-abuse treatment services, or mental-health treatment services for several months. While the mother became more consistent in participating in services in December 2016, her visits with the child have been "inconsistent at best." According to the testimony at trial, the mother had attended only ten visits in the prior six months. The mother was first offered three visits per week. The mother saw the child three times in September 2016, once in October, and then not again until December when there were "a few visits," once in January 2017, and once on February 3. All visits have been supervised. At the time of the March 2017 hearing, the mother had only recently (in the prior thirty days) re-engaged with substance-abuse treatment, found housing with the assistance of

Veteran's Affairs, and obtained employment through Goodwill. Griffiths testified the mother remains "emotionally fragile" and unable to parent a child.

The child was ten months old at the time of the termination trial and had been out of the mother's care most of the child's life. The child had been in the same foster home for the past seven months, was integrated into the family, and looked to the foster parents to meet the child's needs. The foster family indicates a willingness to adopt the child and provide long-term care. We conclude termination of the mother's parental rights is in the child's best interests.

On appeal, the mother contends she should have been granted additional time to seek reunification. We disagree. "A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). In addition, in order to grant an extension of time, the court must find the need for the child's removal will no longer exist at the end of the additional six-month period. *See* Iowa Code § 232.104(2)(b). We cannot make such a finding here. The record belies the mother's claim that the child is bonded with the mother. In any event, there is *not* "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship," *id.* § 232.116(3)(c), and no other permissive factor weighs against termination here. We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**